■ In the Matter of JOHN F. McGOWAN, Appellant, v LESLIE G. FOSCHIO, Individually and as Commissioner of Motor Vehicles, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles revoking petitioner's motor vehicle drivers license. Appeal, by permission, from an order of the Supreme Court at Special Term (Conway, J.), entered April 30, 1981 in Albany County, which denied petitioner's application for a stay pending the hearing and determination of this proceeding. At a hearing held on February 20, 1980 and continued on September 11, 1980, Patrolman Williams of the Albany Police Department testified that on October 17, 1978 he observed petitioner drive his motor vehicle through a traffic red light. The vehicle was stopped and when petitioner exhibited physical signs of intoxication he was requested by Officer Williams to take a chemical test for intoxication. Petitioner replied that he would comply after he had talked with his lawyer. At the police station petitioner was permitted to call his lawyer, after which he refused to take the chemical test upon the advice of counsel. Officer Williams testified that at the scene he read the contents of a form card to petitioner, which advised that a refusal to submit to the chemical test could result in license revocation regardless of whether he was found guilty of the offense for which he was arrested. Petitioner, while admitting he was arrested for driving while intoxicated, denied that he was asked to take a chemical test at the site of the arrest and further stated that he could not remember if he had been asked to take such a test at the police station. We conclude that there is substantial evidence in the record to support the referee's determination, affirmed by the Administrative Appeals Board of the Department of Motor Vehicles and the commissioner, that petitioner's action constituted a refusal to submit to the test within the meaning of section 1194 of the Vehicle and Traffic Law (*Matter of Zambroski v Tofany,* 31 NY2d 968; *Matter of Brady v Tofany,* 36 AD2d 987, affd 29 NY2d 680). Next, a review of the record testimony of Officer Williams fails to support the contention of petitioner that Williams did not have an independent recollection of giving the statutorily required warning to petitioner on the night of his arrest. Accordingly, it was not error for the referee to

1016

receive into evidence the refusal form prepared by Officer Williams. The form was used by the witness to refresh his recollection and not as affirmative proof of the contents therein. Here, unlike in *Matter of Maxfield v Tofany* (34 AD2d 869), the content of the form is not contradictory of the direct testimony of its author so as to drain it of probative value. With respect to the appeal from the order of Special Term denying a stay pending the hearing and determination of this proceeding, we conclude that Special Term did not abuse its discretion in finding a stay to be inappropriate, and our granting of leave to appeal from that order should not be construed to the contrary. Determination confirmed, and petition dismissed, with costs. Order entered April 30, 1981, affirmed, without costs. Mahoney, P.J., Kane, Casey, Weiss and Herlihy, JJ., concur.